**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MARIANELA MENA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **AON RISK SERVICES SOUTHWEST** | § | **Civil Action No.: 4:19-cv-02595** |
| **INC., AON SERVICE** | § | |
| **CORPORATION, AON PLC, AND** | § | |
| **BRUCE JEFFERIS,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' ORIGINAL ANSWER TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Aon Risk Services Southwest, Inc. ("ARS"), Aon Service Corporation ("ASC") (collectively "Aon" or "Aon Defendants"), and Bruce Jefferis (collectively, "Defendants"),[1] file this Original Answer to Plaintiff Marianela Mena's First Amended Complaint ("Complaint") and respond to the correspondingly numbered paragraphs in the Complaint as follows:

**INTRODUCTION**

1.     Defendants admit that Plaintiff makes a demand for a jury trial but deny any allegations that suggest Plaintiff is entitled to a jury trial on any or all issues.  Except as expressly admitted, Defendants deny the allegations in Paragraph 1 of the Complaint.

---

[1] Plaintiff sued an additional entity she identifies as Aon plc, which she identifies as a "public limited company incorporated in the United Kingdom with its headquarters and principal place of business in Chicago, Illinois." *See* Doc. No. 7 at ¶7.   Aon plc is a foreign company that merely serves as a parent holding company. Aon plc did not have any employment relationship with Plaintiff; therefore, Aon plc is not a proper defendant in this matter.  Moreover, Aon plc has not been served with process in this matter, and has not agreed to waive service of process. Defendants therefore request that Plaintiff amend her complaint to dismiss Aon plc.

2.      Defendants admit that Plaintiff seeks remedies under Title VII of the Civil Rights Act of 1964, as amended, and complains of various violations of that law.  Defendants deny engaging in any conduct in violation of Title VII of the Civil Rights Act of 1964, as amended, and Defendants deny that Plaintiff is entitled to any relief.  Defendants admit that Plaintiff's Complaint also includes allegations of slander and defamation under Texas law, but Defendants deny engaging in any conduct that gives rise to such causes of action, and Defendants deny that Plaintiff is entitled to any relief.  Except as expressly admitted, Defendants deny the allegations in Paragraph 2 of the Complaint.

3.      Defendants admit that Plaintiff seeks certain types of damages listed in Paragraph 3 of the Complaint but deny engaging in any unlawful conduct, and Defendants deny that Plaintiff is entitled to any relief.  Except as expressly admitted, Defendants deny the allegations in Paragraph 3 of the Complaint.

## PARTIES

4.      Defendants are without sufficient knowledge or information to admit or deny that Plaintiff resides in Houston, Texas, and on that basis, Defendants deny the allegations in Paragraph 4 of the Complaint.

5.      Defendants admit the allegations in Paragraph 5 of the Complaint.

6.      Defendants admit the allegations in Paragraph 6 of the Complaint.

7.      With respect to Defendant Aon PLC, Defendants admit that Aon PLC is a public limited company incorporated in the United Kingdom.  Except as expressly admitted, Defendants deny the allegations in Paragraph 7 of the Complaint.

8.      Defendants admit that Bruce Jefferis is Executive Vice President, Aon Risk Services Southwest and Chief Executive Officer, Global Specialties—Energy and Mining, and

that he may be served with process at his place of business, Aon Risk Services Southwest, Inc., 5555 San Felipe, Suite 1500, Houston, Texas 77056.  Except as expressly admitted, Defendants deny the allegations in Paragraph 8 of the Complaint.

## VENUE

9.      Defendants admit that venue is appropriate in the Southern District of Texas—Houston Division.  Except as expressly admitted, Defendants deny the allegations in Paragraph 9 of the Complaint.

## JURISDICTION

10.      Defendants admit that the Court has jurisdiction over the claims asserted by Plaintiff pursuant to 28 U.S.C. §1331 and pursuant to 28 U.S.C. §1367.  Except as expressly admitted, Defendants deny the allegations in Paragraph 10 of the Complaint.

11.      Defendants deny engaging in any alleged unlawful employment practices or other unlawful action but admit that this Court has jurisdiction based on Plaintiff's allegation that such alleged conduct was committed within the jurisdiction of this Court.

## PROCEDURAL REQUISITES

12.      Defendants admit that Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") against Aon Defendants.  Defendants admit the EEOC issued a Dismissal and Notice of Right to Sue to Plaintiff.  Except as expressly admitted, Defendants deny the allegations in Paragraph 12 of the Complaint.

13.      Defendants admit Plaintiff filed a Charge of Discrimination against ARS and ASC with the EEOC on or about May 29, 2018.  Defendants admit the EEOC issued Plaintiff, on request, a Notice of Right to Sue on May 29, 2019 against the entities named in her Charge of

Discrimination.  Except as expressly admitted, Defendants deny the allegations in Paragraph 13 of the Complaint.

14.	Defendants are without sufficient knowledge or information to admit or deny allegations regarding when Plaintiff received a notice from the EEOC, and on that basis, Defendants deny the allegations in Paragraph 14 of the Complaint.

**FACTS**

15.	Defendants admit that Plaintiff is a female who began working for ARS on February 16, 2015 at its Houston office, located at 5555 San Felipe Street, Suite 1500, Houston, Texas 77056.  Defendants admit that, at the time of her termination, Plaintiff was employed as an Account Executive with the title of "Vice President." Except as expressly admitted, Defendants deny the allegations in Paragraph 15 of the Complaint.

16.	Defendants admit the allegations in Paragraph 16 of the Complaint.

17.	Defendants deny the allegations in Paragraph 17 of the Complaint.

**ALLEGED REFUSAL TO PERFORM ILLEGAL ACTS**

18.	Defendants admit that commissions earned by Aon Defendants on business placed by Aon Defendants is and was disclosed to clients in accordance with contractual requirements and Aon policy.  Except as expressly admitted, Defendants deny the allegations in Paragraph 18 of the Complaint.

19.	Defendants deny the allegations in Paragraph 19 of the Complaint.

20.	Defendants deny the allegations in Paragraph 20 of the Complaint.

21.	Defendants deny the allegations in Paragraph 21 of the Complaint.

22.	Defendants deny the allegations in Paragraph 22 of the Complaint.

## ALLEGED HOSTILE WORK ENVIRONMENT

23.     Defendants deny the allegations in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations in Paragraph 30 of the Complaint.

31.     Defendants admit that Aon's Code of Business Conduct states that Aon does "not tolerate harassment of any kind, including sexual…or any other kind of behavior that is…humiliating[.]"  Except as expressly admitted, Defendants deny the allegations in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations in Paragraph 32 of the Complaint.

33.     Defendants admit that Jimmy Winters continues to be employed with ARS. Except as expressly admitted, Defendants deny the allegations in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations in Paragraph 35 of the Complaint.

36.     Defendants admit that on or around December 7, 2017, Plaintiff told Elias Sakellakis, via text message, that she had a verbal altercation with Paul Foreman. Defendants admit that, in response, Sakellakis stated, in part, that, "He's out of control sometimes or at all times. Let Tracy [Erwin] know and you and I can talk tomorrow and I'll speak to him."  Except as expressly admitted, Defendants deny the allegations in Paragraph 36 of the Complaint.

37.     Defendants admit that Plaintiff's supervisor, Elias Sakellakis, stated in a text message with Plaintiff that, with respect to the verbal altercation Plaintiff had with Paul Foreman, "it's not right that he [Foreman] talks to us like that."  Except as expressly admitted, Defendants deny the allegations in Paragraph 37 of the Complaint.

38.     Defendants admit that Paul Foreman continues to be employed by ARS.  Except as expressly admitted, Defendants deny the allegations in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations in Paragraph 40 of the Complaint.

**ALLEGED DIRECT SEXUAL HARASSMENT OF PLAINTIFF**

41.     Defendants admit that Aon was made the broker of record for BPZ Energy, a subsidiary of Grupo Alfa.  Defendants admit that Plaintiff worked with David Lopez (an employee of non-party Grupo Alfa and/or BPZ Energy), and that she traveled on a business trips with him. Except as expressly admitted, Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     Defendants admit that Bruce Jefferis discussed the opportunity of consolidating all of Grupo Alfa's business in Aon's Houston office. Except as expressly admitted, Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     Defendants admit that Plaintiff worked with Lopez to transfer BPZ Energy's policies to ARS's Houston office.  Except as expressly admitted, Defendants deny the allegations in Paragraph 43 of the Complaint.

44.     Defendants admit that Plaintiff went on a business trip to London with Lopez in October 2017.  Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 44, and on that basis, Defendants deny the allegations in Paragraph 44 of the Complaint.

45.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 45, and on that basis, Defendants deny the allegations in Paragraph 45 of the Complaint.

46.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 46, and on that basis, Defendants deny the allegations in Paragraph 46 of the Complaint.

47.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 47, and on that basis, Defendants deny the allegations in Paragraph 47 of the Complaint.

48.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 48, and on that basis, Defendants deny the allegations in Paragraph 48 of the Complaint.

**PLAINTIFF'S ALLEGATION:**
**PLAINTIFF REPORTS THE PROBLEMS TO MANAGEMENT**

49.     Defendants admit that on or around January 31, 2018, Plaintiff reported the alleged sexual harassment by David Lopez to William Farnan.  Except as expressly admitted, Defendants deny the allegations in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations in Paragraph 50 of the Complaint.

51.     Defendants admit the allegations in Paragraph 51 of the Complaint.

52.     Defendants admit that Farnan reported Plaintiff's allegations of sexual harassment by Lopez to members of management.  Defendants admit that, subsequently, Plaintiff discussed her allegations with Resident Managing Director, Thane Wyman.  Defendants admit that Wyman advised Plaintiff that he would report her allegations to Aon's Human Resources department and

Plaintiff's management team. Except as expressly admitted, Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Defendants admit that Plaintiff was contacted by Nancy Solorio, a Human Resources Manager, on or around February 9, 2018, who advised Plaintiff that she was assigned to assist Plaintiff with her complaints. Defendants admit that Plaintiff had discussions in February and March 2018 related to her complaints. Except as expressly admitted, Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Defendants admit that Plaintiff e-mailed Tracey Erwin and Elias Sakellakis on February 16, 2018 alleging that she believed her 2016 annual performance review scores were lower than what she believed she was told. Defendants admit that Plaintiff informed Nancy Solorio that she believed her previous year's performance scores had changed. Except as expressly admitted, Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants admit that Plaintiff contacted Nancy Solorio alleging that she believed that her previous year's performance review scores had changed. Defendants further admit that Solorio suggested Plaintiff contact her managers to discuss the allegation. Defendants further admit that Plaintiff advised Solorio that she had previously contacted Tracey Erwin and Elias Sakellakis on February 16, 2018. Except as expressly admitted, Defendants deny the allegations in Paragraph 56.

**PLAINTIFF'S ALLEGATION: SEXUAL HARASSMENT CONFIRMED BY HR**

57. Defendants admit that in February 2018, Plaintiff was advised by Nancy Solorio that she would recommend that Plaintiff not be aligned with Grupo Alfa/BPZ Energy employee David Lopez in the future.

58.     Defendants admit that in or around February 2018, Wyman told Plaintiff that HR concluded the investigation regarding Lopez. Except as expressly admitted, Defendants deny the allegations in Paragraph 58 of the Complaint.

59.     Defendants admit that in or around February 2018, Solorio told Plaintiff that HR concluded the investigation regarding Lopez. Defendants admit that Plaintiff was advised that Defendants would take immediate steps to ensure that Plaintiff no longer had to work with Lopez. Except as expressly admitted, Defendants deny the allegations in Paragraph 59 of the Complaint.

**PLAINTIFF'S ALLEGATION: DEFENDANTS FAIL TO MOVE LOPEZ ACCOUNTS**

60.     Defendants deny the allegations in Paragraph 60 of the Complaint.

61.     Defendants admit that Nancy Solorio advised Plaintiff that she would recommend that Plaintiff not be aligned with Grupo Alfa/BPZ Energy employee David Lopez in the future, but deny any implication that this was the first time Plaintiff was told not to have contact with Lopez; in fact, Plaintiff was told to avoid any contact with Lopez as soon as management became aware of her complaint.  Except as expressly admitted, Defendants deny the allegations in Paragraph 61 of the Complaint.

62.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 62 of the Complaint, and, on that basis, Defendants deny the allegations in Paragraph 62 of the Complaint.

63.     Defendants admit that a meeting was convened on March 28, 2018 with Plaintiff, Thane Wyman, and Tracey Erwin to discuss the BPZ and other Grupo Alfa accounts.  Except as expressly admitted, Defendants deny the allegations in Paragraph 63 of the Complaint.

64.     Defendants admit that Bruce Jefferis informed Plaintiff that Grupo Alfa opted against making any changes to its insurance personnel or responsibilities with regard to David

Lopez. Except as expressly admitted, Defendants deny the allegations in Paragraph 64 of the Complaint.

## PLAINTIFF'S ALLEGATION: RETALIATION AND WRONGFUL DISCHARGE

65. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 65 of the Complaint, and on that basis, Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Defendants admit that on March 5, 2018, Plaintiff e-mailed Solorio regarding her concerns with her performance review scores. Defendants are without sufficient knowledge or information to admit or deny the allegations regarding what Plaintiff learned about scheduling reviews for other team members, and on that basis, Defendants deny those allegations in Paragraph 66 of the Complaint. Except as expressly admitted, Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants admit that Plaintiff's annual review meeting was scheduled for March 9, 2018 with her supervisor, Tracey Erwin, and David Mittelholzer, and that Elias Sakellakis was unable to attend. Defendants admit that Elias Sakellakis was unavailable to attend the annual review meeting on March 9, 2018. Except as expressly admitted, Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

## PLAINTIFF'S ALLEGATION: KNOWINGLY FALSE STATEMENTS

71. Defendants admit that the comments Plaintiff made to Joey Hayles, Vice President, Risk Management & Administrative Services at Crestwood Midstream Partners LP

("Crestwood"), were first reported to Aon in an e-mail sent by Blake Koen, a Senior Vice President at Aon, on April 12, 2018. Except as expressly admitted, Defendants deny the allegations in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations in Paragraph 73 of the Complaint.

74.     Defendants admit only that Jefferis told Hayles that he (Hayles) was not at fault for Plaintiff's termination.    Except as expressly admitted, Defendants deny the allegations in Paragraph 74 of the Complaint.

### PLAINTIFF'S ALLEGATION: TEXAS WORKFORCE COMMISSION

75.     Defendants admit that Plaintiff applied for unemployment benefits through the Texas Workforce Commission following the termination of her employment, and that Defendants opposed her eligibility for unemployment benefits.  Except as expressly admitted, Defendants deny the allegations in Paragraph 75 of the Complaint.

76.     Defendants admit that they were invited to, and did submit information to the Texas Workforce Commission in response to Plaintiff's claim for unemployment benefits.  Except as expressly admitted, Defendants deny the allegations in Paragraph 76 of the complaint.

77.     Defendants admit that the Texas Workforce Commission found that Plaintiff would be eligible to receive unemployment benefits. Except as expressly admitted, Defendants deny the allegations in Paragraph 77 of the Complaint.

### PLAINTIFF'S ALLEGATION: DEFAMATION AND SLANDER

78.     Defendants deny the allegations in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations in Paragraph 80 of the Complaint.

81.    Defendants deny the allegations in Paragraph 81 of the Complaint.

## COUNT I

## TERMINATION ON THE BASIS OF RETALIATION

82.    As the 82nd Paragraph of the Complaint, mislabeled therein as "Paragraph 80," purports to re-allege and incorporate Paragraphs 1-79 of the Complaint, Defendants also adopt and incorporate herein by reference the answers and responses in the preceding Paragraphs 1-79 of the Complaint.

83.    Defendants deny the allegations in the 83rd Paragraph of the Complaint, mislabeled therein as "Paragraph 81."

84.    Defendants deny the allegations in the 84th Paragraph of the Complaint, mislabeled therein as "Paragraph 82."

85.    Defendants deny the allegations in the 85th Paragraph of the Complaint, mislabeled therein as "Paragraph 83."

## COUNT II

## HOSTILE WORK ENVIRONMENT HARASSMENT UNDER TITLE VII

86.    As the 86th Paragraph of the Complaint, mislabeled therein as "Paragraph 84," purports to re-allege and incorporate Paragraphs 1-79 of the Complaint, Defendants also adopt and incorporate herein by reference the answers and responses in the preceding Paragraphs 1-79 of the Complaint.

87.    Defendants deny the allegations in the 87th Paragraph of the Complaint, mislabeled therein as "Paragraph 85."

88.    Defendants deny the allegations in the 88th Paragraph of the Complaint, mislabeled therein as "Paragraph 86."

89.     Defendants deny the allegations in the 89th Paragraph of the Complaint, mislabeled therein as "Paragraph 87."

90.     Defendants deny the allegations in the 90th Paragraph of the Complaint, mislabeled therein as "Paragraph 88."

## COUNT III

## ALLEGED TERMINATION ON THE BASIS OF SEX

91.     As the 91st Paragraph of the Complaint, mislabeled therein as "Paragraph 89," purports to re-allege and incorporate Paragraphs 1-79 of the Complaint, Defendants also adopt and incorporate herein by reference the answers and responses in the preceding Paragraphs 1-79 of the Complaint.

92.     Defendants deny the allegations in the 92nd Paragraph of the Complaint, mislabeled therein as "Paragraph 90."

93.     Defendants deny the allegations in the 93rd Paragraph of the Complaint, mislabeled therein as "Paragraph 91."

94.     Defendants deny the allegations in the 94th Paragraph of the Complaint, mislabeled therein as "Paragraph 92."

## COUNT IV

## ALLEGED DISCRIMINATION BASED ON SEX UNDER TITLE VII

95.     As the 95th Paragraph of the Complaint, mislabeled therein as "Paragraph 93," purports to re-allege and incorporate Paragraphs 1-79 of the Complaint, Defendants also adopt and incorporate herein by reference the answers and responses in the preceding Paragraphs 1-79 of the Complaint.

96. Defendants deny the allegations in the 96th Paragraph of the Complaint, mislabeled therein as "Paragraph 94."

97. Defendants deny the allegations in the 97th Paragraph of the Complaint, mislabeled therein as "Paragraph 95."

## COUNT V

## ALLEGED DEFAMATION

98. As the 98th Paragraph of the Complaint, mislabeled therein as "Paragraph 96," purports to re-allege and incorporate Paragraphs 1-79 of the Complaint, Defendants also adopt and incorporate herein by reference the answers and responses in the preceding Paragraphs 1-79 of the Complaint.

99. Defendants deny the allegations in the 99th Paragraph of the Complaint, which is unnumbered and/or unlabeled.

100. Defendants deny the allegations in the 100th Paragraph of the Complaint, mislabeled therein as "Paragraph 97."

101. Defendants deny the allegations in the 101st Paragraph of the Complaint, mislabeled therein as "Paragraph 98."

102. Defendants deny the allegations in the 102nd Paragraph of the Complaint, mislabeled therein as "Paragraph 99."

103. Defendants deny the allegations in the 103rd Paragraph of the Complaint, mislabeled therein as "Paragraph 100."

104. Defendants deny the allegations in the 104th Paragraph of the Complaint, mislabeled therein as "Paragraph 101."

105.     Defendants deny the allegations in the 105th Paragraph of the Complaint, mislabeled therein as "Paragraph 102."

106.     Defendants deny the allegations in the 106th Paragraph of the Complaint, which is unnumbered and/or unlabeled.

107.     Defendants deny the allegations in the 107th Paragraph of the Complaint, mislabeled therein as "Paragraph 103."

## COUNT VI

### ALLEGED DEFAMATION PER SE

108.     As the 108th Paragraph of the Complaint, mislabeled therein as "Paragraph 104," purports to re-allege and incorporate Paragraphs 1-79 of the Complaint, Defendants also adopt and incorporate herein by reference the answers and responses in the preceding Paragraphs 1-79 of the Complaint.

109.     Defendants deny the allegations in the 109th Paragraph of the Complaint, mislabeled therein as "Paragraph 105."

110.     Defendants deny the allegations in the 110th Paragraph of the Complaint, mislabeled therein as "Paragraph 106."

111.     Defendants deny the allegations in the 111th Paragraph of the Complaint, which is unnumbered and/or unlabeled.

112.     Defendants deny the allegations in the 112th Paragraph of the Complaint, mislabeled therein as "Paragraph 107."

113.     Defendants deny the allegations in the 113th Paragraph of the Complaint, mislabeled therein as "Paragraph 108."

114. Defendants deny the allegations in the 114th Paragraph of the Complaint, mislabeled therein as "Paragraph 109."

115. Defendants deny the allegations in the 115th Paragraph of the Complaint, mislabeled therein as "Paragraph 110."

116. Defendants deny the allegations in the 116th Paragraph of the Complaint, mislabeled therein as "Paragraph 111."

117. Defendants deny the allegations in the 117th Paragraph of the Complaint, mislabeled therein as "Paragraph 112."

118. Defendants deny the allegations in the 118th Paragraph of the Complaint, mislabeled therein as "Paragraph 113."

119. Defendants deny the allegations in the 119th Paragraph of the Complaint, mislabeled therein as "Paragraph 114."

## RELIEF SOUGHT

## ALLEGED DAMAGES

120. Defendants admit that Plaintiff alleges to be entitled to the remedies she sets forth the 120th Paragraph of the Complaint (mislabeled therein as "Paragraph 115"), but Defendants deny that Plaintiff is entitled to any such remedies or relief, including but not limited to the type she seeks in Paragraph 120. Except as expressly admitted, Defendants deny the allegations in Paragraph 120 of the Complaint, mislabeled therein as "Paragraph 115."

## ALLEGED EXEMPLARY DAMAGES

121. Defendants admit that Plaintiff alleges to be entitled to the remedies she sets forth the 121st Paragraph of the Complaint (mislabeled therein as "Paragraph 116"), but Defendants deny that Plaintiff is entitled to any such remedies or relief, including but not limited to the type

she seeks in Paragraph 121.  Except as expressly admitted, Defendants deny the allegations in Paragraph 121 of the Complaint, mislabeled therein as "Paragraph 116."

122.     Defendants are unable to admit or deny the allegations in the 122nd Paragraph of the Complaint (mislabeled therein as "Paragraph 117") as it appears to be incomplete and/or inadvertently continued from Paragraph 116, and on that basis, Defendant deny the allegations in Paragraph 122 of the Complaint, mislabeled therein as "Paragraph 117.").

## ALLEGED ATTORNEY'S FEES

123.     Defendants admit that Plaintiff alleges to be entitled to the remedies she sets forth the 123rd Paragraph of the Complaint (mislabeled therein as "Paragraph 118"), but Defendants deny that Plaintiff is entitled to any such remedies or relief, including but not limited to the type she seeks in Paragraph 123.  Except as expressly admitted, Defendants deny the allegations in Paragraph 123 of the Complaint, mislabeled as Paragraph 123."

## JURY DEMAND

124.     Defendants admit that Plaintiff makes a demand for a jury in the 124th Paragraph of the Complaint (mislabeled as "Paragraph 119"), but deny any allegations that suggest Plaintiff is entitled to a jury trial on any or all issues.  Except as expressly admitted, Defendants deny the allegations in the 124th Paragraph of the Complaint, mislabeled therein as "Paragraph 119."

## PRAYER

125.     Defendants admit that Plaintiff prays for certain remedies and relief in the Prayer of her Complaint, but Defendants deny that Plaintiff is entitled to any such remedies or relief.  Except as expressly admitted, Defendants deny the allegations in the 125th Paragraph of her Complaint (mislabeled therein as "Paragraph 120"), including all subparagraphs thereto, which comprises the Prayer of the Complaint.

## GENERAL DENIAL

Any allegations not specifically admitted, explained, or modified herein are denied.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to and without waiving the foregoing, and without waiving the burden of proof Plaintiff would ordinarily be required to carry on any element of any claim asserted by Plaintiff, and in the alternative, where necessary, Defendants assert the following defenses:

### FIRST DEFENSE

Plaintiff has failed to state, in whole or in part, a claim upon which relief may be granted.

### SECOND DEFENSE

Any actions taken concerning Plaintiff's employment were consistent with business necessity and were done for legitimate, non-discriminatory, non-retaliatory business reasons.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### FOURTH DEFENSE

Defendants alternatively plead that to the extent Plaintiff's claims and allegations of discrimination and retaliation exceed the reasonable scope of any investigation of any Charge of Discrimination filed with the Equal Employment Opportunity Commission and/or the Texas Workforce Commission based on the same underlying allegations as set forth in the Complaint, such claims and allegations are barred.

### FIFTH DEFENSE

Plaintiff's request for an award of damages should be offset, in whole or in part, based on Plaintiff's failure to mitigate her alleged damages, and/or to the extent that Plaintiff successfully mitigated her damages.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent she failed to properly and timely exhaust her administrative remedies.

## SEVENTH DEFENSE

Any employment actions about which Plaintiff complains were taken for reasons other than Plaintiff's sex, any alleged protected activity, or any other alleged protected status held by Plaintiff.

## EIGHTH DEFENSE

Aon Defendants have widely disseminated anti-discrimination and anti-retaliation policies, which its employees are educated regarding, and Defendants at all times, acted in good faith and in compliance with their policies with respect to Plaintiff.

## NINTH DEFENSE

Defendants exercised reasonable care to prevent and promptly correct any alleged discrimination or retaliation from occurring, and Plaintiff failed to take advantage of the preventative or corrective opportunities, or otherwise failed to avoid the alleged harm.

## TENTH DEFENSE

Defendants did not know, nor should they have known, of any allegedly discriminatory or retaliatory conduct.

## ELEVENTH DEFENSE

To the extent any of Defendants' employees engaged in any unlawful conduct, such actions were outside the course and scope of its employees' employment, were contrary to the policies and directives of Defendants, and were not done in furtherance of Defendants' business interests.

### TWELFTH DEFENSE

To the extent Plaintiff's claims are based on the alleged acts of a third party or third parties who are not employees of Defendants, Defendants had no control or legal responsibility with respect to the alleged conduct of such non-employees.

### THIRTEENTH DEFENSE

To the extent Plaintiff's claims are based on the alleged acts of a third party or third parties who are not employees of Defendants, Defendants did not know, nor should they have known, of the alleged conduct of the non-employee third party or third parties.

### FOURTEENTH DEFENSE

To the extent Plaintiff's claims are based on the alleged acts of a third party or third parties who are not employees of Defendants, Defendants took immediate and appropriate corrective action upon being made aware of Plaintiff's allegations.

### FIFTEENTH DEFENSE

Any alleged violations of any statute were not willful, wanton, or malicious. At all relevant times, Defendants neither knew that any alleged actions violated any statutes, nor did they show a reckless disregard for whether their actions violated any statutes.

### SIXTEENTH DEFENSE

Plaintiff's claims are barred, or any alleged damages should be offset, by the after-acquired evidence doctrine, if applicable.

### SEVENTEENTH DEFENSE

Any and all allegedly defamatory statements published by Defendants, or any agent of Defendants, were published without malice, actual or otherwise, or negligence, and, in any event, were true.

### EIGHTEENTH DEFENSE

Any and all allegedly defamatory statements published by Defendants, or any agent of Defendants, were published subject to an absolute or qualified privilege.

### NINETEENTH DEFENSE

Any and all allegedly defamatory statements that were published by Defendants, or any agent of Defendants, were mere expressions of opinion.

### TWENTIETH DEFENSE

To the extent Plaintiff has "self-defamed" by reporting to third parties what she alleges Defendants have said about her, Plaintiff is ineligible to recover for any injuries she claims to have sustained as a result.

### TWENTY-FIRST DEFENSE

Plaintiff's claims for actual, punitive, and/or exemplary damages and other relief are subject to all applicable statutory caps and limitations, including, but not limited to, the limitations imposed by 42 U.S.C. §1981a.

### TWENTY-SECOND DEFENSE

Any claims by Plaintiff for punitive and/or exemplary damages are unconstitutional and unavailable. Any claims by Plaintiff for punitive and/or exemplary damages are further unwarranted because Defendants acted in good faith and with the reasonable belief that their actions were lawful.

### TWENTY-THIRD DEFENSE

Plaintiff is not entitled to punitive and/or exemplary damages because all actions taken toward Plaintiff by Defendants were made in good faith and with reasonable grounds to believe

that their acts or omissions complied with applicable law, and Plaintiff cannot show that Defendants willfully violated any law with respect to its treatment of her.

**TWENTY-FOURTH DEFENSE**

Plaintiff cannot recover actual and punitive damages under multiple or different theories and causes of action for the same or similar acts. Plaintiff is entitled to only one remedy for her claims.

**TWENTY-FIFTH DEFENSE**

Defendants alternatively plead, without waiver of Plaintiff's burden to prove that the adverse employment action was motivated by an impermissible factor and assuming *arguendo* that an impermissible factor was a motivating factor for any employment practice concerning Plaintiff, that Defendants would have taken the same action regardless of any protected status of Plaintiff.

**TWENTY-SIXTH DEFENSE**

Defendants alternatively plead that Plaintiff was an at-will employee, as that term is defined under the common law of Texas, and Plaintiff could be terminated at any time and for any reason not specifically prohibited by state or federal law, with or without cause.

**TWENTY-SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

*****

Defendants reserve the right to file and serve additional answers and to assert additional defenses as appropriate.

## **PRAYER**

Therefore, having fully answered, Defendants pray that Mena's claims be dismissed, Mena take nothing by her action, the Defendants be awarded their costs of court and reasonable attorneys' fees, and Defendants have such other and further relief, general and specific, legal and equitable, to which they are justly entitled.

Dated: November 8, 2019

*Of Counsel:*

Kerry E. Notestine
Texas Bar No. 15116950
Federal I.D. No. 2423
Email:  knotestine@littler.com
Nathan Prihoda
Texas Bar No. 24068070
Federal I.D. No. 2720481
Email:  nprihoda@littler.com
LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
1301 McKinney Street, Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)

*s/ Nehal S. Anand*
Nehal S. Anand (Attorney in Charge)
Texas Bar No. 24070600
Federal I.D. No. 1061200
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas
Telephone:  713.951.9400
Facsimile:  713.951.9212
Email:  nanand@littler.com

**ATTORNEYS FOR DEFENDANTS AON RISK SERVICES SOUTHWEST INC., AON SERVICE CORPORATION, AND BRUCE JEFFERIS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 8th day of November, 2019, a true and correct copy of the foregoing Defendants' Original Answer to Plaintiff's First Amended Complaint was served and filed using the Court's ECF system and e-mail upon the following counsel of record:

HAGANS MONTGOMERY & RUSTAY, P.C.
3200 Travis, Fourth Floor
Houston, Texas 77006
Fax: 713.547.4950
fhagans@hagans.law

Keith Taunton
TAUNTON, SNYDER & PARISH
580 Westlake Park Boulevard, Suite 1120
Houston, Texas 77079
ktaunton@tsplaw.com

Vincent L. Marable, III
PAUL WEBB, P.C.
221 N. Houston
Wharton, Texas 77488
trippmarable@sbcglobal.net

_s/ Nehal S. Anand_
Nehal S. Anand