**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MARIANELA MENA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **AON RISK SERVICES SOUTHWEST** | § | **Civil Action No.: 4:19-cv-02595** |
| **INC., AON SERVICE** | § | |
| **CORPORATION, AON PLC, AND** | § | |
| **BRUCE JEFFERIS,** | § | |
| | § | |
| **Defendants.** | § | |

_____

**JOINT DISCOVERY/ CASE MANAGEMENT PLAN UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**
_____

**1.    State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

The parties (as described below) conferred by e-mail and telephone on November 14, 2019.

Fred Hagans and Kendall Montgomery on behalf of Plaintiff.

Nehal S. Anand and Nathan Prihoda on behalf of Defendants Aon Risk Services Southwest, Inc., Aon Service Corporation ("Aon Defendants"), and Bruce Jefferis.

Defendant Aon plc has not yet been served with process in this case, nor has it filed an answer in this case.

Accordingly, all references below to "Defendants" apply only to Defendants Aon Risk Services Southwest, Inc., Aon Service Corporation, and Bruce Jefferis.  Further, all references to "Parties" apply only to Plaintiff and Defendants Aon Risk Services Southwest, Inc., Aon Service Corporation, and Bruce Jefferis.

The parties are working through information and seeking to reach an agreement whereby the parties can agree that Aon plc is not a necessary party to this proceeding.

**2.    List the cases related to this one that are pending in any state or federal court with the case number and court.**

There are no related cases that are pending.

3.      **Specify the allegation of federal jurisdiction.**

This Court has jurisdiction pursuant to 28 U.S.C. §1331 and pursuant to 28 U.S.C. §1367.

4.      **Name the parties who disagree and the reasons.**

None.

5.      **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

The parties do not anticipate additional parties, and the parties on working on resolution of the issue as to whether or not Aon plc, a named but unserved party, can be dismissed from the case

6.      **List anticipated interventions.**

The parties do not anticipate interventions.

7.      **Describe class-action issues.**

There are no class-action issues.

8.      **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties will exchange Initial Disclosures by December 13, 2019.

9.      **Describe the proposed agreed discovery plan, including:**

A.  **Responses to all the matters raised in Rule 26(f).**

(1)  **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

The parties agree to exchange initial disclosures on or before December 13, 2019.

(2)  **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

The parties agree that discovery will be necessary on all issues related to liability and damages.  The parties do not believe that discovery should be

conducted in phases or be limited to or focused upon particular issues. The parties propose a discovery deadline of October 23, 2020.

**(3)    Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties have discussed issues related to discovery of electronically-stored information. To the extent that electronic information is relevant, available, or becomes necessary, the parties agree that any such production of documents is to be in a searchable text format with metadata load file to include file name, date created, date modified, identification of the to, from, cc and bcc recipients, subject, date, and time sent and date and time received, at a minimum. Spreadsheets will be produced in Native format.

**(4)    Any issues relating to claims of privilege or of protection as trial-protection material, including—if the parties agree on a procedure to assert such claims after production—whether to ask the court to include their agreement in an order.**

The parties have discussed the possibility of entering into an agreed order pursuant to Federal Rule of Evidence 502(d). Defendants have submitted a draft to Plaintiff for consideration but Plaintiff does not believe one is necessary. Defendants may file an opposed motion for entry of same.

**(5)    What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The number of depositions Plaintiff will need to take in this case will exceed 10. Plaintiff contends most persons with knowledge of relevant facts are employees of the Aon Defendants, and the number of employees involved in the issues relevant to this case exceeds 10. Further, Plaintiff contends third parties will need to be deposed regarding meetings and conversations with Defendants' representatives that are at issue is this case. While Plaintiff does not know the number of depositions that will be required, Plaintiff anticipates the need for at least 15 depositions. Defendants do not consent, at this time, to allowing depositions in excess of 10, but the parties agree to confer about this topic when the need arises, and involve the Court if an agreement cannot be reached.

**(6)    Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

In addition to the order provided in ¶ 10(A)(4) above, the parties may agree to a proposed protective order regarding confidential business and personnel documents and information for submission to the Court, if necessary.

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates sending her first set of interrogatories to Defendants before the discovery deadline.

**C. When and to whom the defendant anticipates it may send interrogatories.**

Defendants anticipate sending interrogatories to Plaintiff before the discovery deadline.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

1. Corporate representative(s) of each of Aon Risk Services Southwest, Inc., Aon Service Corporation and, potentially, Aon Plc ;
2. Defendant Bruce Jefferis, CEO of Aon Global Energy;
3. Blake Koen, Senior VP, Aon Defendants;
4. Joey Hayles, Crestwood Midstream Partners;
5. Eli Sakellakis, Managing Director, Aon Defendants;
6. Tracey Erwin, Managing Director, Aon Defendants;
7. Janet Hollcroft, Senior Human Resources Manager, Aon Defendants;
8. Thane Wyman, Resident Managing Director, Aon Defendants;
9. Jim Pierce, JLT Specialty;
10. Bill Helander, JLT Specialty;
11. Susan Swails, Senior VP, Aon Defendants;
12. Others as required by information revealed during discovery; and
13. Expert(s) designated by Defendants.

**E. Of whom and by when the defendant anticipates taking oral depositions.**

Defendants request to take Plaintiff's deposition first, before other oral depositions in this case are taken, and anticipates timely doing so following the receipt of Plaintiff's responses to Defendants' first requests for written discovery and the receipt of appropriate third party records. On November 10, 2019, Defendant requested dates for Plaintiff's deposition, and this was the first request for depositions made in this matter.  Because Defendant asked first, and because Plaintiff is the party seeking affirmative relief, Defendant believes it is reasonable to depose Plaintiff first. Defendants then anticipate taking the depositions of any other third-party fact witnesses prior to the discovery deadline.

Plaintiff does not agree to this request at this time.  Plaintiff will work with Defendants on a mutually agreeable plan for discovery, including the scheduling of depositions.  However, making the deposition of plaintiff as a condition precedent to Plaintiff taking any other depositions is not a reasonable request and seeks to impose Defendants' strategic choices on when and how it proceeds to prevent Plaintiff's counsel from preparing its case as it deems appropriate

4

**F.** **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff will designate experts and provide reports by August 3, 2020.

Defendants will designate experts and provide reports by September 7, 2020.

**G.** **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates completing any applicable expert witness depositions prior to the discovery deadline.

**H.** **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendants anticipate completing any applicable expert witness depositions prior to the discovery deadline.

**10.** **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties are in agreement with the discovery plan to the extent set forth herein.

**11.** **Specify the discovery beyond initial disclosures that has been undertaken to date.**

No discovery has been undertaken to date.

**12.** **State the date the planned discovery can be reasonably completed.**

October 23, 2020

**13.** **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties participated in pre-suit mediations which were not successful. However, the parties anticipate engaging in periodic discussions regarding the possibility of negotiating a settlement between counsel and/or participating in another mediation during the discovery process.

**14.** **Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties anticipate engaging in periodic discussions regarding the possibility of negotiating a settlement between counsel and/or participating in mediation.

15. **From the attorneys discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

If the parties are unable to resolve this case between counsel, mediation may be effective.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties joint position on a trial before a magistrate judge.**

The Parties do not consent to a trial before a magistrate judge.

17. **State whether a jury demand has been made and if was made on time.**

Plaintiff made a timely jury demand on or around July 17, 2019.

18. **Specify the number of hours it will take to present the evidence in this case.**

At this early stage, Plaintiff estimates that her case can be presented in 25 hours or less, and Defendants estimate that they will require 25 hours or less to present evidence in this case.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None are anticipated.

20. **List other motions pending.**

None.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None are identified at this time.

22. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

**Attorneys for Plaintiff:**

Fred Hagans
State Bar No. 08685500
S.D. Tex. ID No. 2457
Kendall C. Montgomery

State Bar No. 14293900
S.D. Tex. ID No. 420
HAGANS MONTGOMERY HAGANS
3200 Travis, Fourth Floor
Houston, Texas 77006
Telephone: 713.222.2700
Facsimile: 713.547.4950

Keith Taunton
State Bar No. 19681100
S.D. Tex. ID No. 5372
TAUNTON, SNYDER & PARISH
580 Westlake Park Boulevard, Suite 1120
Houston, Texas 77079
Telephone: 713.961.5800
Facsimile: 713.993.2308

Vincent L. Marable, III
PAUL WEBB, P.C.
State Bar No. 12961600
S.D. Tex. ID No. 10385
Telephone: 979.532.5331
Facsimile: 979.532.2902

**Attorneys for Defendants Aon Risk Services Southwest, Inc., Aon Service Corporation, and Bruce Jefferis**

Nehal S. Anand
State Bar No. 24070600
S.D.Tex. ID No. 1061200
Kerry E. Notestine
State Bar No. 15116950
S.D. Tex. ID No. 2423
Nathan Prihoda
State Bar No. 24068070
S.D. Tex. ID No. 2720481
LITTLER MENDELSON, P.C.
1301 McKinney, Suite 1900
Houston, Texas  77010
Telephone: 713.951.9400
Facsimile: 713.951.9212

| _/s/Fred Hagans_ | 11/20/2019 |
|---|---|
| Counsel for Plaintiff | Date |
| Marianela Mena | |

_____*/s/ Nehal Anand*_____   _____11/20/2019_____
Counsel for Defendants      Date
Aon Risk Services Southwest, Inc.,
Aon Service Corporation, and
Bruce Jefferis