IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIANELA MENA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Civil Action No.: 4:19-cv-02595 |
| AON RISK SERVICES SOUTHWEST | § | |
| INC., AON SERVICE CORPORATION, | § | |
| AON PLC, AND BRUCE JEFFERIS, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' OPPOSED MOTION FOR ENTRY OF
ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)**

Defendants Aon Risk Services Southwest, Inc., Aon Service Corporation, and Bruce Jefferis (collectively, "Defendants") file this Opposed Motion for Entry of Order Pursuant to Federal Rule of Evidence 502(d) and show as follows:

**I.
PROCEDURAL BACKGROUND**

During the parties' Rule 26 conference, Defendants' counsel suggested the parties enter into an agreed order pursuant to Rule 502(d), which would govern in the event either party produced a document in discovery that was subject to protection by the attorney-client or work-product privileges. In particular, Defendants' advised Plaintiff's counsel that this case had a high volume of electronic and hard copy data which contained numerous communications to and from several different attorneys employed by Aon, and a 502(d) order would provide guidelines in the event there was an inadvertent disclosure of privileged information. In an effort to facilitate the

conversation, Defendants' counsel also provided Plaintiff's counsel with a proposed "Agreed Order Pursuant to Rule of Evidence 502(d)."[1]

Plaintiff's counsel advised Defendants' counsel that they opposed the request for an entry of the 502(d) order because they believed the existing provisions in the federal rules were satisfactory, and stated that they have "never had a situation arise where the rules governing inadvertent disclosure were not found to be effective in dealing with the situation." *See* Exhibit 2, e-mail from Plaintiff's counsel, Kendall Montgomery. Likewise, Plaintiff's counsel also objected to even more limited Rule 502(d) language in the Defendants' proposed protective order: "Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation."[2] Because the parties do not agree on this issue, Defendants respectfully request entry of a 502(d) order.[3]

## II.
## ARGUMENT AND AUTHORITIES

Pursuant to Federal Rule 502(d), "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court." FED. R. EVID. 502(d). Rule 502(d) orders are favored in the federal courts because they tend to reduce the cost of privilege review and allow parties to review and produce documents expeditiously, without lengthy and expensive motion practice regarding potential waivers of privilege. *See Rajala v. McGuire Woods, LLP*, No. 08-cv-2638, 2013 WL 50200, at *5 (D. Kan.

---

[1] A copy of Defendants' proposed order, in the form initially provided to Plaintiff's counsel except now revised to remove references to Plaintiff's agreement to the same, is attached along with this opposed motion as Exhibit 1.

[2] This language came directly from the recommended protective order used by the federal courts in the Western District of Texas.

[3] Federal Rule of Evidence 502 also permits a court to enter an order pursuant to subsection (d) *sua sponte*. *See* FED. R. CIV. P. 502(d) (Noting courts "may order…" without reference to a need for a motion seeking affirmative relief).

Jan. 3, 2013); *see also Chevron Corp. v. The Weinberg Group*, Misc. Action No. 11-409 (JMF), memo. op. at 1 n.1 (D.D.C. Oct. 26, 2012) (noting in that case the possibility that a Rule 502(d) order may "prevent[] the protracted litigation and discovery battles[.]").

In fact, courts around the nation <u>routinely encourage</u> parties to enter into such orders. *See*, *e.g.*, *Bellamy v. Wal-Mart Stores, Texas, LLC*, No. SA-18-CV-60-XR, 2019 WL 3936992, at *1 (W.D. Tex. Aug. 19, 2019); *Arconic Inc. v. Novellis Inc.*, No. 17-1434, 2019 WL 911417, at *3 (W.D. Pa. Feb. 26, 2019) ("This court encourages parties <u>in virtually all civil cases</u> to adopt Rule 502(d) orders because they generally save time and money and reduce disputes.") (emphasis added). Other federal judges are more even more forceful, such as Magistrate Judge Andrew Peck of the Southern District of New York, who stated: "I'll give you a fairly straight takeaway on [Rule] 502(d). In my opinion <u>it is malpractice to not seek a 502(d) order</u> from the court before you seek documents[.]" *View from the Bench: Judges on E-Discovery at LegalTech Day Two, Law Technology News, Evan Koblentz* (Jan. 31, 2013). Moreover, the Discovery Proportionality Guidelines and Practices state that "Rule 16(b) and Rule 26(f) have been amended to <u>encourage</u> the use of orders under Rule 502(d) of the Federal Rules of Evidence providing that producing information in the litigation does not waive attorney-client privilege or work-product protection, either in that litigation or subsequent litigation. Nonwaiver orders under [this rule] can promote proportionality by reducing the time, expense, and burden of privilege review and waiver disputes." *See* Discovery Proportionality Guidelines and Practices, 99 Judicature No. 3, Winter 2015, at 60 (emphasis added) (copy also included in Attachment 3 to Chief Judge Lee Rosenthal's Court procedures).

As all parties are aware, this case will involve a high volume of documents, both electronically stored and in hard copy-format, and all parties are (or are likely to be) in

possession of significant amounts of information that could be subject to the attorney-client privilege or protection under the attorney work product doctrine. All parties will be able, under Defendants' proposed Rule 502(d) order, to efficiently and effectively protect themselves from the inadvertent disclosure of such information without having to resort in protracted litigation or discovery battles. This will have the added benefit of allowing the Court to preserve its own finite resources.

## III.
## CONCLUSION

Given the strong preference of the federal judiciary for Rule 502(d) orders and the benefits they convey on all parties—and the Court—in this case, there is no reason for Plaintiff to oppose the entry of a Rule 502(d) order. Therefore, Defendants respectfully request the Court enter the attached Order Pursuant to Federal Rule of Evidence 502(d).

Dated: January 9, 2020.

*Of Counsel:*

Kerry E. Notestine
Texas Bar No. 15116950
Federal I.D. No. 2423
Email: knotestine@littler.com
Nathan Prihoda
Texas Bar No. 24068070
Federal I.D. No. 2720481
Email: nprihoda@littler.com
LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
1301 McKinney Street, Suite 1900
Houston, TX 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)

*/s/ Nehal S. Anand*
Nehal S. Anand (Attorney in Charge)
Texas Bar No. 24070600
Federal I.D. No. 1061200
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas
Telephone: 713.951.9400
Facsimile: 713.951.9212
Email: nanand@littler.com

**ATTORNEYS FOR DEFENDANTS AON RISK SERVICES SOUTHWEST INC., AON SERVICE CORPORATION, AND BRUCE JEFFERIS**

**CERTIFICATE OF CONFERENCE**

I hereby certify that I spoke with Plaintiff's attorneys, Fred Hagans and Kendall Montgomery, about the relief sought in this motion on November 14, 2019 via telephone and e-mail, and they advised they were opposed to the entry of an agreed order pursuant to Federal Rule of Evidence 502(d). In an e-mail sent on January 9, 2020, Plaintiff's attorney Kendall Montgomery reaffirmed his client's opposition to the relief sought in this motion.

*/s/ Nehal S. Anand*
Nehal S. Anand

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 9th day of January, 2020, a true and correct copy of the foregoing Defendants' Opposed Motion for Entry of Order Pursuant to Federal Rule of Evidence 502(d) was served and filed using the Court's ECF system and e-mail upon the following counsel of record:

Kendall C. Montgomery
HAGANS MONTGOMERY & RUSTAY, P.C.
3200 Travis, Fourth Floor
Houston, Texas 77006
Fax: 832-304-2552
fhagans@hagans.law

Keith Taunton
TAUNTON, SNYDER & PARISH
580 Westlake Park Boulevard, Suite 1120
Houston, Texas 77079
ktaunton@tsplaw.com

Vincent L. Marable, III
PAUL WEBB, P.C.
221 N. Houston
Wharton, Texas 77488
trippmarable@sbcglobal.net

*/s/ Nehal S. Anand*
Nehal S. Anand