# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARIANELA MENA, § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | |
| AON RISK SERVICES SOUTHWEST § | Civil Action No.: 4:19-cv-02595 |
| INC., AON SERVICE CORPORATION, § | |
| AON PLC, AND BRUCE JEFFERIS, § | |
| § | |
| Defendants. § | |

## ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)

Having considered the Opposed Motion for Entry of Order Pursuant to Federal Rule of Evidence 502(d) (the "Motion") filed by Defendants Aon Risk Services Southwest, Inc., Aon Service Corporation, and Bruce Jefferis ("Defendants") and any responses and replies thereto, the Court has determined that Defendant's Motion is meritorious and should be GRANTED. Therefore, IT IS HEREBY ORDERED that:

1. <u>No Waiver by Disclosure.</u>  This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a party (the "Producing Party") discloses information in connection with this pending litigation, *Mena v. Aon Risk Services Southwest Inc. et al*, Civil Action No.: 4:19-cv-02595, which the Producing Party claims to be protected by the attorney-client privilege and/or work-product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other federal, state, arbitration, or any other proceeding—of any claim of privilege or protection that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

2. <u>Notification Requirements; Best Efforts of Receiving Party.</u>  A Producing Party must promptly notify the party receiving the Protected Information (the "Receiving Party") in writing that it has disclosed the Protected Information without intending a waiver by the disclosure. The notification by the Producing Party shall include as specific an explanation as reasonably possible why the Protected Information is subject to privilege or protection.  Upon such notification, the Receiving Party must promptly (a) notify the Producing Party that it will use best efforts to identify and return, sequester, or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies of the Protected Information in its possession, custody, or control and (b) provide a certification to the Producing Party that it ceased any and all review, dissemination, and use of the Protected Information. If the Receiving Party intends to contest the claim of protection in accordance with paragraph (3) of this Order, the Receiving Party is relieved of the aforementioned obligations until such time as the contest is resolved by the Court, except that the Receiving Party must provide a certification to the Producing Party that any review, dissemination, and use of the Protected Information will be limited to those activities reasonably necessary to effectuate its contest of the claim of protection as provided in paragraph (3).

For purposes of this Order, Protected Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete or sequester the restored Protected Information.

3. <u>Contesting Claims of Privilege or Protection.</u>  If the Receiving Party contests a claim of attorney-client privilege or work-product protection pursuant to this Order, the Receiving Party must – within 30 days of receipt of the notification referenced in Paragraph (2) –

move the Court for an order finding that the material referenced in the notification does not constitute Protected Information. This Motion must be filed (with Court approval) under seal and cannot assert the fact or circumstance of the disclosure as a ground for determining that the material does not constitute Protected Information. Pending resolution of the Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than as required by law to be served with a copy of the sealed Motion.

      4.      <u>Stipulated Time Periods.</u> The parties may stipulate to extend the time periods set forth in paragraphs (2) and (3) of this Order.

      5.      <u>Burden of Proving Privilege or Protection.</u> The Producing Party retains the burden, upon challenge pursuant to Paragraph (3), of establishing the privileged or protected nature of the Protected Information.

      6.      <u>In Camera Review.</u> Nothing in this Order limits the right of any party to petition the Court for an in camera review of the Protected Information.

      7.      <u>Voluntary and Subject Matter Waiver.</u> This Order does not preclude a party from voluntarily waiving the attorney-client privilege or trial preparation material protection. The provisions of Federal Rule of Evidence 502(a) apply when the Producing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

      8.      <u>Rule 502(b)(2).</u> The failure to take reasonable steps to prevent the disclosure shall not give rise to a waiver of the privilege.

      9.      <u>Other Claw-back and Confidentiality Obligations.</u> This Order does not affect or rescind any Claw-back Agreement or Order governing protection of confidential information to which the parties have otherwise agreed.

10. <u>Severability.</u> The invalidity of unenforceability of any provisions of this Order shall not affect the validity or enforceability of any other provision of this Order, which shall remain in full force and effect.

SIGNED this the _____ day of _____, 20\_\_\_.

_____
HON. ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE