IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARIANELA MENA, § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | Civil Action No.: 4:19-CV-02595 |
| AON RISK SERVICES § | |
| SOUTHWEST INC., AON SERVICE § | Jury Demanded |
| CORPORATION, AON PLC, AND § | |
| BRUCE JEFFERIS, § | |
| § | |
| Defendants. § | |

**PLAINTIFF MARIANELA MENA'S RESPONSE IN OPPOSITION TO DEFENDANTS' OPPOSED MOTION FOR ENTRY OF ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d) (Dkt. 17)**

Plaintiff Marianela Mena ("Plaintiff") files this Response in Opposition to Defendants' Opposed Motion for Entry of Order Pursuant to Rule of Evidence 502(d) (Dkt. 17) and states as follows:

**INTRODUCTION AND OVERVIEW**

1.  The motion filed by Defendants pursuant to "Federal Rule of Evidence 502(d)" seeks to compel relief – a court imposed attorney-client privilege "claw-back" or "snap-back" – that <u>cannot</u> be ordered by this Court because Plaintiff has not agreed to Defendants' proposed protective order.  First, Defendants rely upon the wrong Rule of Evidence subsection.  Rule 502(d) permits this Court to make a no waiver of attorney-client privilege ruling in <u>this</u> case that also constitutes a no waiver ruling "in any other federal or state proceeding." See Fed. R. Evid. 502(d).  What Defendants actually seek is an order imposing

1

their version of an attorney-client privilege snap-back procedure in a protective order that Defendants proposed to Plaintiff – and which Plaintiff does not agree to.

2.      Federal Rule of Evidence 502(e) is entitled "Controlling Effect of a Party Agreement" and provides that "an agreement on the effect of disclosure in a federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order." (emphasis supplied) "Subdivision (e) codifies the well-established proposition that parties can enter an agreement to limit the effect of waiver by disclosure between or among them". See 2007 Advisory Committee Notes to Fed. R. Evid. 502. (emphasis supplied); Gilday v. Kenra, Ltd., No. 1:09-CV-00229-TWP-TAB, 2010 WL 3928593 at *4 & n. 3 (S.D.Ind. Oct. 4, 2010) ("Federal Rule of Evidence 502 governs when disclosure of privileged materials waives the privilege…Rule 502 does not apply if the parties have their own agreement regarding inadvertent disclosure of privileged documents. The parties in this case have so such agreement.")

3.      There is no "agreement" between Plaintiff and Defendants to deviate from the controlling "Scope of A Waiver" and "Inadvertent Disclosure" standards of Rule 502(a) and 502(b). This Court cannot impose a different standard or procedure via Rule 502(d) or Rule 502(e) where Plaintiff has not so agreed with Defendants. Defendants request relief this Court cannot grant.

4.      This case is not a patent, antitrust, trade secret, or other complex commercial case and is not a case involving production of millions of pages (or even tens of thousands of pages) of documents. Instead, this case involves a single plaintiff who is a former employee associated with the Defendants for just over a three year period of time. The issues

2

associated with her employment, the termination of her employment, and defamatory statements made by Defendants are not document intensive matters. Defendants have presented no supporting evidence in support of their Motion demonstrating that the volume and magnitude of the document production would support the relief they seek, even ignoring the fact that this Court cannot deviate from Rule 502(a) and Rule 502(b) absent an agreement of the parties.

5. The relatively limited number of documents at issue in this case mandates application of the waiver and inadvertent disclosure standards expressed in Rule 502(a) and Rule 502(b). Plaintiff cannot be compelled by court order to operate outside of Rule 502(a) and 502(b) absent her agreement, which is lacking here.

### THIS IS NOT A RULE 502(d) SITUATION AND THIS COURT CANNOT DEVIATE FROM RULE 502(a) AND (b) ABSENT AN AGREEMENT, WHICH DOES NOT EXIST IN THIS CASE

6. Defendants, as the parties seeking the protective order, bear the burden of showing "good cause" for the court's entry of the same. See Lakeland Partners, LLC v. United States, 88 Fed.Cl. 12, 133 (Fed.Cl.2009). In order to establish good cause, Defendants must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements" that they are entitled to the order. Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981).

7. The first two subsections of Federal Rule of Evidence 502(a) and (b) govern the "Scope of A Waiver" of the attorney-client privilege and work-product protection in federal court and the principle of "Inadvertent Disclosure" in a federal proceeding. The two subsections read as follows:

> **(a) Disclosure Made in a Federal Proceeding or to a Federal Office or Agency; Scope of a Waiver.** When the disclosure is made in a federal proceeding or to a federal office or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if:
> (1) the waiver is intentional;
> (2) the disclosed and undisclosed communications or information concern the same subject matter; and
> (3) they ought in fairness to be considered together.
>
> **(b) Inadvertent Disclosure.** When made in a federal proceeding or to a federal office or agency, the disclosure does not operate as a waiver in a federal or state proceeding if:
> (1) the disclosure is inadvertent;
> (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and
> (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

8.   Rule 502(d), upon which Defendants base their motion, addresses the extension of a non-waiver finding in a federal case to other federal or state proceedings.

> **(d) Controlling Effect of a Court Order.** A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court--in which event the disclosure is also not a waiver in any other federal or state proceeding.

This provision does not support the relief sought by Defendants. Rule 502(d) simply insures that <u>if</u> this Court concludes there has been no waiver of the attorney-client privilege in <u>this</u> case, the subject disclosure is not a waiver in any other case.

9.   Rule 502(e) allows the parties – by <u>agreement</u> – to agree to a different procedure and standards for the scope of waiver and inadvertent disclosure under Rules 502(a) and 502(b). <u>If</u> there is an agreement, the agreement controls the 502(a) and 502 (b) analysis. <u>See</u> <u>Irth Solutions, LLC v. Windstream Communications, LLC</u>, No. 2:16-CV-2019, 2018

WL 575911 at *2 (S.D. Ohio Jan. 26, 2018) ("Under Rule 502(e), parties may agree on the effect of disclosure in a federal proceeding, and courts have recognized the ability of parties to contract away from Rule 502(b)'s test for waiver."). Rule 502(e) reads:

> **(e) Controlling Effect of a Party Agreement.** An agreement on the effect of disclosure in a federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order.

10. Absent an agreement, and there is none in this case, this Court cannot impose the protective order sought by Defendants. As explained in <u>Community Bank v. Progressive Cas. Ins. Co.</u>, No. 108-CV-01443-WTL-JMS, 2010 WL 1435368 at *4 (S.D. Ind. April 8, 2010):

> Where, as here, the parties have not previously agreed on how to handle claims of inadvertent production, Federal Rule of Evidence 502(b) directs the Court to determine whether the party seeking to recover the materials has satisfied all of the Rule's requirements. Among them, the party must have taken "reasonable precautions to prevent disclosure" in the first instance. Fed.R.Evid. 502(b).

11. None of the authorities cited by Defendants on pages 2-3 of their Motion support the concept that this Court can order a deviation from Rule 502(a) and Rule 502(b) where there is no agreement between the parties on such issue. Defendants claim that certain language in their proposed protective order "came directly from the recommended protective order used by the federal courts in the Western District of Texas." <u>See</u> Motion, p. 2 n. 2. That protective order is Appendix H to the Western District's Local Rules and recites that the confidentiality and protective order is based on "the joint motion of the parties," reflecting the parties' <u>agreement</u>, which is not present in this case.

5

12.     Defendants cite to Rajala v. McGuire Woods, LLP, No. 08-CV-2638, 2013 WL 50200 at *5 (D. Kan. Jan. 3, 2013) and to Chevron Corp. v. The Weinberg Group (no Westlaw or Lexis citation) stating that Rule 502(d) orders are "favored." (emphasis by Defendants). Defendants then cite to two cases, Bellamy v. Wal-Mart Stores, Texas, LLC, No. SA-18-CV-60-XR, 2019 WL 3936992 at *1 (W.D. Tex. Aug. 19, 2019) and Arconic, Inc. v. Novellis Inc., No. 17-1434, 2019 WL 911417 at *3 (W.D. Pa. Feb. 26, 2019), for the proposition that "courts around the nation routinely encourage parties to enter into such orders." (emphasis in original). This is a suggestion to the parties to reach an agreement on such an order and is not authority supporting entry of such an order over Plaintiff Mena's objection where there is no agreement.

13.     Finally, Defendants cite to a New York Magistrate Judge who says it is legal malpractice not to seek a 502(d) order. That admonition is not authority for this Court to order deviation from Rule 502(a) and 502(b) absent an agreement between the parties.

14.     In a simple case such as this one, the burden to establish non-waiver or inadvertent disclosure of the attorney-client privilege should remain where it belongs, on the attorneys producing documents. The Rule 502(d) Order sought by Defendants instead seeks to burden Plaintiff with procedures and requirements such as those in paragraph 2 of the proposed Rule 502(d) Order, Exhibit 1 to Defendants' Motion, which state:

> Upon such notification, the Receiving Party must promptly (a) notify the Producing Party that it will use best efforts to identify and return, sequester, or destroy (of in case of electronically stored information, delete) the Protected Information and any reasonably accessible copies of the Protected Information in its possession, custody, or control and (b) provide a certification to the Producing Party that it ceased any and all review, dissemination, and use of the Protected Information…

6

> For purposes of this Order, Protected Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete or sequester the restored Protected Information.

15. These quoted provisions shift to the "Receiving Party" burdens and obligations, while relieving and excusing the party that failed to exercise due diligence. The burden shift to the "Receiving Party", who did nothing wrong is unnecessary, and unfair, in a simple, manageable document case such as this one. As noted, Defendants propose this burden shifting not just as to the paper documents, but as to stored information that might be restored years later.

16. Plaintiff objects to the proposed Rule 502(d) Order because it allows, if not encourages, lawyers to proceed without the exercise of due diligence contrary to Rule 502(b)(2), which mandates "reasonable steps to prevent disclosure". The problem with lack of required due diligence is that it can lead to the production of documents and information that transmit knowledge to opposing counsel that opposing counsel is supposed to wipe from his or her mind when the "inadvertent" production is declared. Erasing from counsel's mind something that counsel has already seen and incorporated in his case preparation can be difficult. The party who "inadvertently" produced and then recalls the documents will then complain that opposing counsel is improperly using the "inadvertently" produced and recalled information.

17.     That the proposed 502(d) Order is to protect lawyers, not promote the clients' interests, is shown in paragraph 8 of the proposed Order which is flatly contrary to the burden imposed by Rule 502(b)(2):

> The failure to take reasonable steps to prevent the disclosure shall not give rise to a waiver of the privilege.

18.     Clearly, this proposed paragraph 8 is to protect lawyers from a lack of professional due diligence. The language promotes rather than prevents the "inadvertent" disclosure of privileged documents and information. In a case involving a relatively small, and definitely manageable number of documents, such as this case, a Rule 502(d) Order as proposed by the Defendants is not necessary or reasonable. Due diligence exercised by the lawyers as mandated by Fed.R.Evid. 502(b)(2) can prevent any "inadvertent" production issue from arising.

### CONCLUSION AND PRAYER

Plaintiff requests that Defendants' Opposed Motion for Entry of Order Pursuant to Federal Rule of Evidence 502(d) be denied.

Respectfully submitted,

*/s/Fred Hagans*
**Fred Hagans**
Attorney In Charge
State Bar No. 08685500
S.D. Tex. ID No. 2457
fhagans@hagans.law
**Hagans Montgomery Hagans**
3200 Travis, Fourth Floor
Houston, Texas  77006
(713) 222-2700
(713) 547-4950 (Fax)

Of Counsel:

**Kendall C. Montgomery**
State Bar No. 14293900
S.D. Tex. ID No. 4206
kmontgomery@hagans.law
**Hagans Montgomery Hagans**
3200 Travis, Fourth Floor
Houston, Texas  77006
(713) 222-2700
(713) 547-4950 (Fax)

**Keith Taunton**
State Bar No. 19681100
S.D. Tex. ID No. 5372
ktauton@tsplaw.com
**Taunton, Snyder & Parish**
580 Westlake Park Blvd., Suite 1120
Houston, TX 77079
(713) 961-5800
(713) 993-2308 (Fax)

**Vincent L. Marable, III**
State Bar No. 12961600
S.D. Tex. ID No. 10385
trippmarable@sbcglobal.net
**PAUL WEBB, P.C.**
221 N. Houston
Wharton, Texas  77488
(979) 532-5331
(979) 532-2902 (Fax)

**ATTORNEYS FOR PLAINTIFF MARIANELA MENA**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of Plaintiff Marianela Mena's Response in Opposition to Defendants' Opposed Motion for Entry of Order Pursuant to Rule of Evidence 502(d) (Dkt. 17) was served on all counsel of record *via* electronic delivery in accordance with the Federal Rules of Civil Procedure on the 29th day of January, 2020.

                                              */s/Fred Hagans*
                                              Fred Hagans